UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:26-cv-01906-AB-SK | Date: | September 1, 2026 |

| | |
|---|---|
| Title: | *Griselda Gonzalez v. California Cemetery and Funeral Services, LLC* |

| | |
|---|---|
| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
| Evelyn Chun | N/A |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings: [In Chambers] ORDER DENYING MOTION FOR REMAND**

Before the Court is Plaintiff Griselda Gonzalez's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 20). Defendants California Cemetery and Funeral Services, LLC; SCI Shared Resources, LLC; and Service Corporation International ("Defendants") filed an opposition and Plaintiff filed a reply. The Motion is **DENIED**.

## I. DISCUSSION

This is a putative wage and hour class action. Plaintiff's Complaint alleges seven causes of action for violation of the various sections of the California Labor Code and one cause of action for unfair business practices in violation of Cal. Bus. & Prof. Code § 17200, et seq. *See* Compl. (Dkt. No. 1-5). The labor code claims include (1) failure to pay wages for all hours worked; (2) Failure to pay all overtime owed, and/or at the proper rate; (3) failure to provide compliant meal periods; (4) failure to provide compliant rest periods; (5) failure to reimburse work-related expenses; (6) failure to issue complete and accurate wage statements; (7) failure to timely pay all wages at separation. Plaintiff filed these claims on

behalf of herself and putative classes.

Defendants removed the action pursuant to the Class Action Fairness Act ("CAFA"). *See* Notice of Removal ("NOR," Dkt. No. 1). Plaintiff moves to remand on the ground that Defendants did not establish that the amount in controversy exceeds $5 million as required by CAFA.

## II. LEGAL STANDARD

Under the Class Action Fairness Act, the court has original jurisdiction over a class action lawsuit in which: (1) the proposed class has at least 100 members; (2) any class member is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2).

"[N]o antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A "'defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*, 574 U.S. at 89). Where the plaintiff challenges the amount, then "[e]vidence establishing the amount is required." *Dart Cherokee*, 574 U.S. at 89. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

A defendant may rely on "reasonable assumptions" to demonstrate that the amount-in-controversy requirement is satisfied. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra*, 775 F.3d at 1197-99). A defendant may rely on "'a chain of reasoning that includes assumptions.'" *Id.* at 925 (quoting *Ibarra*, 775 F.3d at 1199). These "assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* (quoting *Ibarra*, 775 F.3d at 1198-99). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Id.*

## III. DISCUSSION

There is no dispute that the parties are minimally diverse and that the putative classes have more than 100 members: Defendants' NOR assumes a class size of 1,000, although Defendants contend the actual class size larger. The Court

concludes that Defendants also have met their burden to establish that the amount in controversy exceeds $5,000,000.

Defendants' NOR provides three estimates of the amount in controversy based on five causes of action and the claim for attorneys' fees. These estimates range from a total of $7,630,125.00 assuming that each class member experienced one of each of the five violations per month, to $16,515,375.00 assuming each class member experienced each of the five violations three times per month.

Plaintiff's main argument is that Defendants use a 100% violation rate that cannot be supported by the Complaint and is pulled from thin air. The Court disagrees. First of all, it is not clear that this is a 100% violation rate. Yes, Defendants' most conservative estimate assumes that every class member experienced every one of the five violations, but only one of each per month. Defendants' least conservative estimate assumes each class member experience three of each violation per month. In other words, Defendants did not assume a violation occurred every possible time a violation could occur, just one to three times per month for each kind of violation.

In any event, Defendants' most conversative assumption of one violation per month per class member is supported by the allegations in the Complaint. The NOR and the opposition explain how Defendants arrived at all of their calculations. And the opposition includes the Declaration of Service Corporation International's ("SCI") payroll director Mathew Easow attesting to the underlying data used to make the calculations. *See* Easow Decl. (Dkt. No. 20-1). As for the Defendants' assumed violation rates, Defendants' opposition identifies the Complaint's specific allegations that support the rate of one violation per month, for each claim for each employee. For example, the minimum wage and overtime claims are based on the allegations that Defendants had two "policies, practices, and/or procedures" that resulted in Defendants not paying them for all hours worked, including "sometimes 'rounding down'" their hours to the nearest quarter of an hour at various times including when clocking in and out, including for meal breaks; and that Defendants "[s]ometimes" required class members to clock out and continue working without paying them. *See* Compl. ¶¶ 17, 22. The Easow Declaration also states that the "average" class member works 5 shifts per week, consisting of 8 hours, *see* Easow Del. ¶ 12, entitling them to both meal and rest breaks. These allegations of a policy, practice, and procedure that Defendants "sometimes" employed, along with the average workweek, support a violation rate of 1 per one month per employee. Regarding the meal and rest break claims, Defendants explained that the typical workday for their employees was eight

hours, qualifying them for both meal and rest breaks. And as it does for the minimum wage claim, the Complaint alleges that the meal and rest break violations were the result of three specified policies, practices, and/or procedures that Defendants "sometimes" followed. It is reasonable to infer from such allegations that each class member experienced one meal and rest break violation per month. Finally, the wage statement claim is derivative of the other violations and that Defendants intentionally failed to provide accurate wage statements, so it is reasonable to assume that at least one paystub per month (class members are paid bi-weekly) is in violation. Finally, the attorneys' fee claim estimate is 25% of the estimated recovery, which is a reasonable assumption.

Finally, the Easow Declaration establishes that just one of the defendants, California Cemetery and Funeral Services, LLC, alone employed 2,467 class members—more than the 1,000 class members that Defendants' estimates are based on. Thus, even using a half-as-frequent violation rate of one violation of each statute for every employee *every two months*, it is apparent that the amount in controversy would still be satisfied.

For all of the foregoing reasons, the Court concludes that Defendants have established by the preponderance of the evidence that the amount in controversy exceeds $5,000,000. The Court therefore has jurisdiction under CAFA.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Remand is **DENIED**.

**SO ORDERED**.